UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

FILED
2008 AUG -1
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
DEPUTY

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | Magistrate Docket No. **08 MJ 2379** |
| Plaintiff, | |
| v. | COMPLAINT FOR VIOLATION OF: |
| **Josue Daniel DE PAZ,** | Title 8, U.S.C., Section 1326 Deported Alien Found in the United States |
| Defendant | |

The undersigned complainant, being duly sworn, states:

On or about **July 31, 2008** within the Southern District of California, defendant, **Josue Daniel DE PAZ,** an alien, who previously had been excluded, deported and removed from the United States to **Guatemala**, was found in the United States, without the Attorney General or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Sections 202(3) and (4), and 557), having expressly consented to the defendant's reapplication for admission into the United States; in violation of Title 8 United States Code, Section 1326.

And the complainant further states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

_____
SIGNATURE OF COMPLAINANT
James Trombley
Senior Patrol Agent

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS **1st** DAY OF **AUGUST, 2008**

_____
Jan M. Adler
UNITED STATES MAGISTRATE JUDGE

July 31, 2008

CONTINUATION OF COMPLAINT:
Josue Daniel DE PAZ

## PROBABLE CAUSE STATEMENT

On July 31, 2008, Border Patrol Agents S. Bartholomew, H. McCormick and Senior Patrol Agent M. Salzano, were performing assigned duties at the U.S. Border Patrol Checkpoint located on Interstate 8 near Pine Valley, California. All warning signs, cones and lights were in place and fully operational. At about 10:50 a.m., a dark green sedan approached the primary position with two visible occupants. Agent Salzano was working pre-primary along with his service K-9. The K-9 alerted to the trunk of the sedan. Agent Salzano instructed Agent Bartholomew to secondary the vehicle. Agent Bartholomew directed the driver to park the vehicle in the secondary inspection area. The driver complied with the instructions by Agent Bartholomew and stopped in the secondary inspection area.

Once in secondary, the K-9 again alerted and indicated to the trunk of the vehicle. Agent Salzano requested Agent McCormick to inform the driver that the agency canine alerted to the trunk of the vehicle. Agent McCormick requested the driver to exit the vehicle and open the trunk of his vehicle. The driver approached the rear of the vehicle to open the trunk, but the driver's hand was shaking while he was looking for the key hole to open the trunk. The driver was unable to locate the key hole, so Agent McCormick opened the trunk with the interior trunk release button.

Upon opening the trunk, the driver and Agent Salzano observed three subjects lying in the trunk; Agent Salzano immediately identified himself as a Border Patrol Agent and questioned each individual as to their citizenship. The driver stated that his passenger was just along for the ride. Agent McCormick instructed the passenger to exit the vehicle. The passenger observed the people in the vehicle and stated "are we under arrest." During questioning, Agent Salzano determined that each of the subjects in the trunk, including one later identified as the defendant **Josue Daniel DE PAZ**, were citizens of Mexico without any immigration documents that would allow them to be in or remain in the United States legally. The driver, passenger, and the aliens in the trunk were placed under arrest at the I-8 Border Patrol Checkpoint near Pine Valley California.

Routine record checks of the defendant revealed a criminal and immigration history. The defendant's record was determined by a comparison of his criminal record and the defendant's current fingerprint card. Official immigration records of the Department of Homeland Security revealed the defendant was previously deported to **Guatemala** on **April 8, 2008** through **Phoenix, Arizona.** These same records show that the defendant has not applied for permission from the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security, to return to the United States after being removed.

DE PAZ was advised of his Miranda rights and he was willing to make a statement without a lawyer present. DE PAZ freely admitted that he was a national and citizen of Guatemala. DE PAZ freely stated that he walked north and climbed over the United States/Mexico border fence at about 8:00 p.m. on July 29, 2008, and walked north. DE PAZ stated that he had been removed before and that he knew that he was not to reenter the United States without proper permission.